**In re HURRICANE RESORT CO., Debtor.**

**Charles W. PIERCE and Margaret E. Pierce, Plaintiffs,**

**v.**

**Jeanette E. TAVORMINA and Justin P. Havee, Co-Trustees, Hurricane Resort Co., Debtor; Celia Lowenberg, Creditor; and Florida Keys Aquaduct Authority, Creditor, Defendants.**

Bankruptcy No. 81–00016–BKC–SMW.
Adv. No. 82–1227–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

May 17, 1983.

Jeffrey H. Rosenthal, Miami, Fla., for debtor.

Charles F. Mills, South Miami, Fla., for plaintiff.

Martin E. Segal, Patton & Kanner, Miami, Fla., for Celia Lowenberg.

Louis Phillips, Miami, Fla., for trustees.

Martin E. Segal, Miami, Fla.,

Charles F. Mills, South Miami, Fla.,

Timothy J. Norris, Miami, Fla., for Chase Manhattan Bank.

Jeffrey H. Rosenthal, Miami, Fla.,

Leo Greenfield, North Miami, for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came on to be heard by the Court upon an adversary complaint to determine the validity, priority or extent of lien or other interest in property, and for relief from automatic stay.

The Court having heard the testimony and examined the evidence, observed the candor and demeanor of the witnesses, considered the arguments of respective counsel, examined the memoranda of law submitted by the parties of interest, makes the following findings of fact and conclusions of law.

This Court has jurisdiction of the parties and subject matter, pursuant to 28 U.S.C., Section 1471, and Section (d) of the Emergency Rule adopted by the Order of the United States District Court for the Southern District of Florida dated December 22, 1982.

1. An action for foreclosure was instituted in the Circuit Court of the Sixteenth Judicial Circuit of Florida, in and for Monroe County, Case No. 79–1340–CA–09, by *Charles W. Pierce, et al., Plaintiffs v. Hurricane Resort Co., etc., et al.*

2. Charles W. Pierce was appointed Receiver.

3. A Voluntary Petition under Chapter 11 of the Bankruptcy Code was filed by Hurricane Resort Co., Debtor.

4. By Order of this Court, Co-Trustees were appointed.

5. Subsequently, an Order was entered by the Court converting the pending Chapter 11 proceedings to a Chapter 7 proceeding under the Bankruptcy Code and, amongst other provisions in said Order, it was provided as follows:

"The restraining order pursuant to Section 362 of the Bankruptcy Code is herewith modified solely as to CHARLES PIERCE and MARGARET PIERCE, first mortgagees, to permit them to exercise their rights to continue the now pending foreclosure against the real property of the Debtor, with respect to the first mortgage, now pending in the Circuit Court of Monroe County, Florida, up to and including the entry of a Final Judgment of Foreclosure. Mortgagees are required to seek further Order of this Court, prior to setting sale of the real property of the Debtor."

6. A further Order modified the above Order, authorizing the Pierces to sell said real property without further Order of this Court, upon completion of their foreclosure pending in the Circuit Court of Monroe County, Florida, and upon entry of Final Judgment of Foreclosure.

7. The Co-Trustees were never named nor joined as party defendants in the State foreclosure suit.

8. A Final Judgment of Foreclosure was entered on November 4, 1982, authorizing a public sale of the real property.

9. A motion was filed by the Pierces for further relief from this Court's Order entered earlier to obtain permission for the inclusion of the personal property located at Hurricane Resort Co., d/b/a Holiday Isle of Marathon, to be incorporated in the foreclosure sale.

10. A hearing was held, resulting in an Order denying the motion of the Pierces. The Pierces were authorized and permitted to file an adversary proceeding to determine validity, priority and amount of purported liens against the personal property.

11. Subsequently the Pierces instituted such a suit.

12. The Co-Trustees denied that the Plaintiffs, Pierces, have a valid, perfected lien on the personal property, superior in dignity to the Co-Trustees.

The Court, after reviewing the testimony and documentary evidence, finds that the claim of lien of the Pierces is not per-

fected and is inferior to the claim of the Co-Trustees, pursuant to Section 544 of the Bankruptcy Code, for the following reasons:

A. Florida Statutes, Section 678.203, require the existence of a security agreement signed by the Debtor, which contains a description of the collateral, and the giving of value therefor, in order for such security interest to be enforceable against the applicable parties.

"The requirement of consideration under the general law of contracts applies as between parties to any secured transaction subject to Article 9 of the Uniform Commercial Code." 29 Fla.Jur., Sec. 152, "Secured Transactions".

The evidence before the Court does not reflect, nor have the Pierces demonstrated, that any consideration was given for the assignment of Security Agreement dated January 24, 1979 (Ex. 6) and assignment of financing statement (Ex. 2).

The documentary evidence reflected by Ex. 6 reveals a Security Agreement entered into by Hurricane Resort Co., Inc., and Yvonne A. Littrell, Debtors, and Mary Mansfield Company, Secured Party, on February 1, 1978. The agreement was to secure payment of $240,000.00, as reflected in a certain promissory note dated February 1, 1978, which note was incorporated as part of Ex. 6. The Court's review of said promissory note reflects it is the same note which was part of a real estate mortgage between Hurricane Resort Co., Inc., and Mary Mansfield Company (Composite Ex. 4 and 6).

The Court rejects the argument of the Pierces that the promissory note found in Ex. 4 and 6 was used for the dual purpose of securing a second real estate mortgage, and as a lien on the personal property of the Debtor. Paragraph 5 of the Adversary Complaint filed by the Pierces reflects that a Final Judgment of Foreclosure was entered by the Monroe County Circuit Court on November 4, 1982, in Case No. 79–1340–CA–09, *Charles W. Pierce and Margaret E. Pierce, Plaintiffs, v. Hurricane Resort Co., etc., et al*, wherein the real estate mortgage and promissory note (Composite Ex. 4) were

merged, satisfied and discharged in the State Court foreclosure sale of the real property, and wherein the Pierces elected to bid at the sale of the real property the total sum of $733,000.00.

It is further evident to the Court that the promissory note found in Ex. 4 and 6 was intended to be applicable to the real estate mortgage. The promissory note specifically makes reference to the real estate mortgage, and *is silent as to the personal property:*

"This Note is secured by a mortgage of even date herewith and is to be construed and enforced according to the laws of the State of Florida; . . ."

The documentary evidence in the form of the promissory note indicates that it *secured a real estate mortgage.*

The evidence does not reflect, nor has the Court been able to find, that the Pierces ever received a valid assignment of the promissory note and/or the real estate mortgage (Ex. 4).

B. The Court further finds that the Pierces' purported lien on the personal property must further fail, in that there is no evidence before the Court of the actual possession or assignment of the underlying note to the Pierces, for which security was given.

The failure to prove a valid assignment of the promissory note (Composite Ex. 6) renders the Pierces' assignment null and void.

"Since a lien in itself has not been subject to assignment or sale *without the debt secured, an assignment of a chattel mortgage, without an assignment of the debt for which it is given as security has generally been considered a nullity.*" 69 Am.Jur.2d, Sec. 449, "Secured Transactions". (emphasis added)

Under Florida law it is well settled that the pledge of a mortgage or, as in the present case, an assignment of a security agreement without pledge or assignment of the underlying note creates no rights for the assignee or pledgee. In the case of *Sobel v. Mutual Development, Inc.,* 313

So.2d 77 (Fla. 1 DCA, 1975), the facts concerned a mortgage pledge without a pledge of the mortgage note. The Court held:

"A mortgage is a mere incident of, and ancillary to, the note or other obligation secured thereby, and an *assignment of the pledge of the mortgage without an assignment of the pledge of the note or obligation secured thereby creates no right in the assignee or pledgee.* (Id. at 78) (Emphasis added)

The issue regarding the invalidity of an assignment of a security agreement without an accompanying assignment of the promissory note has been addressed and definitively answered by this Court in the case of *Air Transport Leasing v. Belize Airways Limited.* 7 B.R. 604 (Bkrtcy.S.D.Fla.1980), 31 U.S.C. Rpt.Serv. 730.

This Court held:

"It has been the law of Florida for over a century that the assignment of a chattel mortgage without the assignment of the debt secured by the chattel mortgage does not make the assignee of the chattel mortgage a mortgage creditor ... To allow the assignee of a security interest to enforce the security agreement would expose the obligor to a double liability, since a holder in due course of the promissory note clearly is entitled to recover from the obligor. Section 3–305, Uniform Commercial Code." (Id. 734–5)

Accordingly, in the instant case, the Pierces' failure to both show actual assignment and possession of the underlying debt (i.e., promissory note) renders the Pierces' assignment and claim of a secured lien void as to the Trustees in Bankruptcy.

C. The purported lien of the Pierces must further fail, in that there is no documentary evidence before the Court reflecting any sum due and owing. The Pierces have failed to sustain and carry the burden of proof to establish a prima facie case as to any sum, if any, due and owing by the debtor estate.

D. The Court further finds the purported lien of the Pierces to be defective in that the evidence before the Court does not reflect the placement of documentary stamps upon the security agreement or promissory note, evidencing a debt due.

The effect of the failure to place documentary stamps to perfect a security interest has been enunciated in the case of *In Re Sel-O-Rak Corporation,* 26 B.R. 223 (Bkrtcy. S.D.Fla.1982).

In the instant case, the Pierces have failed to comply with the statutes on documentary stamps. Their argument that documentary stamps have been affixed to Ex. 4 and 6 is rejected by the Court. The evidence before the Court reflects that proper stamps were affixed to said *real estate mortgage;* however, there is no evidence before the Court reflecting any assignment of the real estate mortgage and promissory note (Ex. 4). The Pierces have wholly failed to substantiate their burden of proof in this regard.

Accordingly, it is the finding of this Court that the purported lien of the Pierces on the personal property of the debtor estate is unperfected and inferior to the rights of the Co-Trustees, pursuant to Section 544 of the Bankruptcy Code; accordingly, this Court need not address the issue regarding the Pierces' failure to perfect a lien on the after acquired property of the debtor estate.

Relief from the automatic stay, as requested by the plaintiff, will be denied and the Co-Trustees are hereby authorized to offer for sale, all of the personal property, including the 6 C.O.P. liquor license numbered 54–180.

This Court will enter a Judgment, pursuant to Rule 921(a), Rules of Bankruptcy Procedure, incorporating its Findings of Fact and Conclusions of Law reflected herein.